## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

*In re* Subpoena to Non-Party Lindsey
O. Graham in his official capacity as
United States Senator,

in the matter of:

Special Purpose Grand Jury, Fulton
County Superior Court Case No.
2022-EX-000024.

Case No. _____

## NOTICE OF REMOVAL

Non-party subpoena-recipient, United States Senator Lindsey O. Graham, removes this proceeding from the Fulton County Superior Court (Case No. 2022-EX-000024) to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1441, 1442(a), and 1446.  Senator Graham denies the validity and enforceability of the Subpoena and all related process and files this Notice without waiving any defenses, motions, exceptions, or rights that may exist in his favor in either state or federal court.

**I.     Senator Graham has timely removed this action.**

The Subpoena at issue, which purports to "command[]" Senator Graham to "lay[] all [of his] business aside" and "appear before the Special Purpose Grand Jury," is attached as Exhibit 1.  The Subpoena was issued on July 26, 2022, and it

requires Senator Graham's testimony on August 23, 2022, at 9:00 a.m., before a "special purpose grand jury" established under Georgia law. *See* O.C.G.A. § 15-12-100(a). Senator Graham accepted service of this Subpoena on July 27, 2022. This Notice of Removal, filed two days later, is therefore filed well within thirty days of issuance and service of the Subpoena—and indeed even within 30 days of the Certificate of Material Witness (Exhibit 2)—so it is timely under 28 U.S.C. § 1446, including specifically under § 1446(g). *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–51 (1999); *Miami Herald Media Co. v. Fla. Dep't of Transportation*, 345 F. Supp. 3d 1349, 1366–67 (N.D. Fla. 2018).

## II.     Senator Graham has given proper notice of the removal and attached the pleadings.

As required by 28 U.S.C. § 1446(d)—and as evidenced by the Certificate of Service—Senator Graham is providing written notice of this removal to the relevant parties and the Fulton County Superior Court. In addition to the Subpoena attached as Exhibit 1 and the Certificate attached as Exhibit 2, Senator Graham also attaches, as Exhibit 3, the District Attorney's *ex parte* petition asking the state court to issue the Certificate and, as Exhibit 4, the public docket for the special grand jury. *See* 28 U.S.C. § 1446(a).

### III.    This Court has jurisdiction over this proceeding.

The principal ground for removal here is the federal-officer-removal provision in § 1442(a).  *See* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal").  This proceeding is within the jurisdiction of the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1442, which permits removal of any "civil action or criminal prosecution"—including proceedings in which "a judicial order, including a subpoena for testimony or documents, is sought or issued"—pending in state court and directed at a federal official "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1); *see also* 28 U.S.C. § 1442(a)(4) (allowing removal by "[a]ny officer of either House of Congress" of any "civil action or criminal prosecution … for or relating to any act in the discharge of his official duty under an order of such House").

"Only two prerequisites must be met before an action may be removed under § 1442(a)(1):  first, the [civil action or criminal prosecution] must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law."  *State of Fla. v. Cohen*, 887 F.2d 1451, 1453–54 (11th Cir. 1989).  Both prerequisites are met here.

***First***, this proceeding is a "civil action or criminal prosecution" as defined by statute, unquestionably against a federal officer for alleged actions he took under color of his office as Senator.  Indeed, the federal-officer-removal statute expressly defines a removable "civil action" to include precisely what is at issue here:  "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."  28 U.S.C. § 1442(d)(1).  Even before Congress added this specific language to the statute in 2011, this kind of subpoena proceeding was a removable civil action.  *See, e.g.*, *Cohen*, 887 F.2d at 1453–54; *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995); *Nationwide Invs. v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986); *see also Johnson v. Soc. Sec. Admin.*, 2018 WL 4677829, at *4 (E.D. Va. June 8, 2018) (collecting cases permitting removal of subpoena proceedings).  Now, after Congress has "made [this] explicit in [the] 2011 amendments," it is beyond peradventure.  16 Moore's Federal Practice—Civil § 107.100[4][c] (2022, online ed.); *accord* 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed., Westlaw database, April 2022 update).

***Second***, Senator Graham also satisfies the "lenient colorable federal defense requirement for removal."  *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1145–46 (11th Cir. 2017); *see Jefferson County v. Acker*, 527 U.S. 423, 431–32

(1999).   In defense against being forced to testify in front of a state-court investigative body, Senator Graham raises constitutional issues that the Framers thought were "indispensably necessary[]" to a functioning Republic—namely, that legislators "should enjoy the fullest liberty of speech, and that [they] should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offense." *Tenney v. Brandhove*, 341 U.S. 367, 373–74 (1951) (quoting II Works of James Wilson 38 (Andrews ed. 1896)); *see* Motion to Quash, filed concurrently herewith.

More specifically, the Subpoena the District Attorney has directed at Senator Graham requires him to appear and testify in Georgia about activities he performed as a United States Senator and then-Chairman of the Senate Judiciary Committee. Prior process related to the Subpoena, including the Certificate, confirms that the District Attorney believes Senator Graham is a witness relevant the Special Purpose Grand Jury's investigation based on two alleged phone calls to "Georgia Secretary of State Brad Raffensperger and members of his staff in the weeks following the November 2020 election in Georgia."   Ex. 2 ¶¶ 2–3.   One of the staff members mentioned in the Certificate was Deputy Secretary of State Gabriel Sterling, who has commented publicly about a call with Senator Graham:  "Senator Graham called. He had questions about our [electoral] process.  We answered the questions about

that process." *See* Video Interview of Gabriel Sterling at 1:56, *CNN Newsource* (Nov. 18, 2020), available at https://bit.ly/3za979a.

These "questions about that process"—concerning electoral integrity and security as well as investigating possible irregularities before Senator Graham voted to certify the results of the 2020 election—are within Senator's Graham's official legislative responsibilities. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975); *Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015); U.S. Const. art. II, § 1, cl. 3; 3 U.S.C. § 15 (detailing process under the Electoral County Act of 1887). Senator Graham thus argues in a contemporaneously filed motion to quash that federal defenses and immunities—including absolute legislative immunity and privilege under the Speech or Debate Clause—require this Court to quash the Subpoena. *See* U.S. Const. art. I, § 6, cl. 1; *Brown & Williamson*, 62 F.3d at 414–15; *United States v. Swindall*, 971 F.2d 1531 (11th Cir. 1992). Senator Graham also asserts the defense of federal sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And he raises the lack of extraordinary circumstances necessitating the testimony of a high-ranking government official. *See In re United States,* 985 F.2d 510 (11th Cir. 1993).

In cases of this kind, Congress did not leave its Members to litigate federal and constitutional defenses in state court, but instead gave them the right of removal

under § 1442(a).  *See Jefferson County*, 527 U.S. at 431–32; *Willingham v. Morgan*, 395 U.S. 402, 405 (1969); *Cohen*, 887 F.2d at 1453–54; *State of N. C. v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967).  Removal is proper.

## IV.    Request for briefing and oral argument.

If any question arises as to the propriety of removal, Senator Graham requests the chance to present briefs, oral argument, and if necessary, other material in support of his position that removal is proper.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773–74 & n.29 (11th Cir. 2010) (recognizing that the "notice of removal should contain only 'a short and plain statement of the grounds for removal,'" while allowing the removing party to "supplement[] its 'short and plain statement' with additional evidence and explanation" if removal is challenged); *cf. Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014).

## CONCLUSION

Senator Graham thus removes this proceeding from the Georgia Superior Court to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1442, 1441, and 1446.

Date: July 29, 2022

Respectfully submitted,

*/s/ Brian C. Lea*

DONALD F. MCGAHN II
  *Application for admission*
  *pro hac vice forthcoming*
ROBERT LUTHER III
  *Application for admission*
  *pro hac vice forthcoming*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
dmcgahn@jonesday.com
rluther@jonesday.com

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com

E. BART DANIEL
  *Application for admission*
  *pro hac vice forthcoming*
MARSHALL T. AUSTIN
  *Application for admission*
  *pro hac vice forthcoming*
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
151 Meeting Street,
Suite 600
Charleston, SC 29401
(843) 853-5200
bart.daniel@nelsonmullins.com
matt.austin@nelsonmullins.com

*Counsel for United States Senator Lindsey Graham*

## <ins>CERTIFICATE OF COMPLIANCE WITH LR 5.1(B)</ins>

I hereby certify that this brief has been prepared with one of the font, point, and style selections approved by the Court in LR 5.1(B)—namely, double-spaced in 14-point Times New Roman font.

Date: July 29, 2022

*/s/ Brian C. Lea*
_____

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com

*Counsel for United States Senator Lindsey Graham*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, I caused a copy of the foregoing to be

served via U.S. Mail on the following recipients:

Fani T. Willis
Fulton County District Attorney's Office
136 Pryor Street SW
3rd Floor
Atlanta, Georgia 30303

Date: July 29, 2022

*/s/ Brian C. Lea*

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com

*Counsel for United States Senator Lindsey Graham*