## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE: SUBPOENA TO NON-PARTY
LINDSEY O. GRAHAM in his official
capacity as United States Senator,

In the matter of:

CIVIL ACTION NO.
1:22-cv-03027-LMM

SPECIAL PURPOSE GRAND JURY,
FULTON COUNTY SUPERIOR
COURT CASE NO. 2022-EX-000024

### RESPONSE IN OPPOSITION
### TO SENATOR LINDSEY O. GRAHAM'S EMERGENCY MOTION
### TO STAY AND ENJOIN SELECT GRAND JURY PROCEEDINGS
### PENDING APPEAL

On Monday, August 15, 2022, this Court denied Senator Lindsey O.

Graham's Motion to Quash his subpoena to appear and provide testimony before

the Fulton County Special Purpose Grand Jury ("SPGJ") and remanded this matter

to the Fulton County Superior Court. On Wednesday, August 17, 2022, Senator

Graham filed an Emergency Motion praying that this Court stay its Order and

enjoin the SPGJ from receiving testimony from the Senator, or any further

proceedings regarding his appearance, pending his appeal to the Eleventh Circuit.

The District Attorney, in her capacity as the legal advisor to the SPGJ, opposes the

Senator's motion and any additional delay in his appearance before this lawfully

constituted grand jury.

## ARGUMENT

As noted by Senator Graham in his Motion, the applicable standard for the matter before the Court consists of a four part test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018). These factors "contemplate individualized judgment in each case, [and] the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The Senator also argues that his Motion should be subject to an appreciably lower standard, requiring him to "only present a substantial case on the merits." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2002). However, that standard was created for instances of *appellate* review. *See Chandler v. James*, 998 F. Supp. 1255, 1259-60 (M.D.Ala. 1997) (observing the distinction in review by district court rather than appellate court). Regardless, this lower standard should not apply here because the "balance of the equities" does not "weigh[] heavily in favor of granting the stay," as made clear below. *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

**A. Senator Graham has not made a strong showing that his appeal is likely to succeed on the merits.**

Senator Graham's motion does not make a "strong showing" that he is likely to prevail on appeal. The Senator's motion does not address the central holdings of this Court's Order denying his Motion to Quash. Instead of grappling with this Court's reasoning, it simply restates his arguments and insists that this Court has misunderstood them. This cannot constitute an adequately strong showing.

First, Senator Graham addresses "the calls [between Senator Graham and Secretary of State Brad Raffensperger] and the motive behind them." The Senator continues to insist that the subpoena solely addresses topics that impermissibly inquire into the motivations for legislative acts. But, as this Court has addressed, there first must be a determination that legislative acts have taken place at all. The Senator argues that the Eleventh Circuit has echoed the Supreme Court's "forceful" condemnation into "probing into motives, even to determine whether an action was *really* legislative." Mov.Br.10 (emphasis original). However, even the cases cited by the Senator for this proposition do not say as much. Neither *Bryant v. Jones*, 575 F.3d 1281, 1307 (11th Cir. 2009) (involving the drafting of a budget resolution) nor *Scott v. Taylor*, 405 F.3d 1251, 1256 n.7 (11th Cir. 2005) (involving the enactment of an Act) forbid such an inquiry because they discussed activities that had already been determined to be legislative in nature. The Senator

continues to attempt to put the cart before the horse and assert that motive comes before the determination of whether an act is legislative.

Second, regarding questioning about "other activities" aside from the phone calls, again Senator Graham simply argues around the Court's findings. As this Court observed in its Order, the universe of relevant inquiry regarding Senator Graham is not restricted to the telephone calls. The SPGJ's impaneling order makes clear that it is authorized to investigate any and all facts and circumstances related "directly or indirectly" to the subject of its investigation, echoing the intentionally broad language of O.C.G.A. § 15-12-100. Even if one were to restrict their review to the Certificate (which the Senator continues to attempt), that document notes that Senator Graham's testimony concerns broader subjects than simply his phone calls to a Georgia state-level official in the midst of a presidential recount. Confronted with this finding in the Order, the Senator continues to deny that these facts apply.

Third, regarding the issue of partial versus total quashal of Senator Graham's subpoena, he continues to argue for total quashal even as he insists that he could also be arguing for partial quashal. His arguments make clear that he views total quashal as a necessity, either by operation of sovereign immunity or because his subpoena is restricted merely to legislative acts or "public comments." The only route to "partial quashal" would be a ruling based on incomplete facts

and hypothetical questions, which this Court has explicitly declined to pursue, and which persuasive authority advises against. *See Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 523-25 (3d Cir. 1985).

Finally, regarding sovereign immunity, Senator Graham does not address at all a central point raised by this Court: that the logical endpoint of the Senator's argument is absolute immunity for Senators from state grand juries, in all circumstances, without exception. The Supreme Court has affirmed that even *sitting Presidents* can be required to comply with and provide evidence for state-level grand jury subpoenas. *See Trump v. Vance*, 140 S. Ct. 2412 (2020). The vast consequences of the Senator's arguments indicate that he cannot make a "strong showing" of likely success on appeal, and this factor mitigates in favor of the denial of a stay or injunction.

### B. Senator Graham will not be "irreparably injured" absent a stay or injunction.

This Court has ensured that Senator Graham's privileges and immunities will be well-guarded and subject to judicial oversight. Once remanded to Superior Court, after further factual development, the Senator will be able to elevate any points of contention back to this federal forum for resolution. This process, as described in *Gov't of Virgin Islands*, ensures that no "irreparable harm" will take place. Quite the contrary: the SPGJ will continue to await this Court's

determination of how testimony should proceed based on the Senator's privileges.

When compared to the inevitable harm occasioned by the delays of appeal, this

factor mitigates in favor of the denial of the Senator's motion.

### C. A stay would result in substantial injury to the Special Purpose Grand Jury.

The District Attorney initiated proceedings to ensure Senator Graham's

appearance before the SPGJ on July 5, 2022. Six weeks later, after litigation in

three separate jurisdictions, the District Attorney is still attempting to provide the

SPGJ with the Senator's crucial testimony. If this Court orders a stay, that six-

week delay could be doubled or worse, even if the parties seek to expedite the

appeal. As this Court recognized in its Order, Senator Graham's testimony is

sought by the SPGJ not simply because he possesses necessary and material

information but also because he is expected to provide information regarding

*additional* sources of relevant information. As a result, delaying the Senator's

testimony would not simply postpone his appearance; it would also delay the

revelation of an entire category of relevant witnesses or information, each of whom

would require additional time and resources to secure on behalf of the SPGJ.

Finally, as noted above, the resolution of Senator Graham's appeal would almost

certainly not end the litigation related to his appearance. Once this matter is

remanded to Superior Court for further factual development, he could make

additional assertions of his rights under the Speech or Debate Clause with regard to

specific questions, requiring additional review by this Court and subject to possible *additional* appeal at that time. If remand is delayed pending the Senator's appeal, it will ensure that the Senator's involvement with the SPGJ will not be resolved for *months*. Given the possibility that Senator Graham's testimony could reveal additional routes of inquiry, staying remand and enjoining his appearance at this stage could ultimately delay the resolution of the SPGJ's entire investigation. This would significantly harm the interests and administration of the SPGJ and mitigates in favor of denying the Senator's motion.

**D. The public interest is served by allowing Senator Graham's appearance to proceed, ensuring the efficient continuation of the Special Purpose Grand Jury's investigation.**

"Since the founding of the United States, grand juries have been accorded wide latitude to gather all relevant material because the public . . . has a right to every man's evidence." *In re Grand Jury Proceedings*, 995 F.2d 1013, 1015 (11th Cir. 1993) (internal citations and quotations omitted). Senator Graham has a right to an appeal from this Court's Order and should be free to pursue it. However, his stance with regard to his subpoena has already significantly delayed grand jury proceedings, and he should not be afforded the opportunity to increase that delay while he continues to advance arguments that he is not subject to subpoena at all. Even if the Senator were to forego appealing this Court's Order, the mechanics of the Senator's appearance will require additional negotiation, argument, and

possibly, litigation. While this is perhaps unavoidable in the context of an

invocation of the Speech or Debate Clause, it is also true that "[a]ny holding that

would saddle a grand jury with minitrials and preliminary showings would

assuredly impede its investigation and frustrate the public's interest in the fair and

expeditious administration of the criminal laws." *United States v. R. Enterprises,*

*Inc.*, 498 U.S. 292, 298-99 (1991), quoting *United States v. Dionisio*, 410 U.S. 1,

17 (1973). Given the necessary care and time that the Senator's appearance will

require, postponement due to a stay would compound the frustration of the

SPGJ's purposes in order for the Senator to continue argue that he is not subject to

a lawful subpoena. Given the appropriate deliberation and deference this Court

has demonstrated with regard to the Speech or Debate Clause, and the safeguards

in place for the Senator's testimony going forward, his concerns regarding the

separation of powers must give way to the public's interest in the efficient

administration of a grand jury investigation into matters of local, state, and

nationwide importance.

## CONCLUSION

Senator Graham insists that he seeks to delay his appearance before the

Special Purpose Grand Jury not just for his own sake, but also for the sake of the

separation of powers, federalism, and "for the People." The Special Purpose

Grand Jury, however, *is* the People: a collection of citizens called together to

perform their civic duty on behalf of their neighbors and families. They have

sacrificed their time, effort, energy, and attention for months in order to

investigate matters that affect themselves, their community, and the nation as a

whole. The District Attorney asks that this Court deny Senator Graham's motion

in order that he, for a single day, can assist them in that great task without further

delay. The People have requested Senator Graham's testimony and stand ready to

receive it. All that is left is for the Senator to meet them.

Respectfully submitted, this 19th day of August 2022.

> FANI T. WILLIS
> DISTRICT ATTORNEY
> ATLANTA JUDICIAL CIRCUIT
>
>
> By:
>
> By: _s/ F. McDonald Wakeford_
> F. McDonald Wakeford
> Chief Senior Assistant District Attorney
> Atlanta Judicial Circuit
> Georgia Bar No. 414898
> 136 Pryor Street SW, Third Floor
> Atlanta, Georgia 30303
> fmcdonald.wakeford@fultoncountyga.gov

CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is double-spaced and composed in 14-point Times New Roman font.

This 19th day of August 2022.


CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by email:

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com


Dated this 19th day of August, 2022.

*s/ F. McDonald Wakeford*

F. McDonald Wakeford