IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: SUBPOENA TO NON-PARTY LINDSEY O. GRAHAM in his official capacity as United States Senator, | : : : : | CIVIL ACTION NO. 1:22-cv-03027-LMM |
| In the matter of: | : : | |
| SPECIAL PURPOSE GRAND JURY, FULTON COUNTY SUPERIOR COURT CASE NO. 2022-EX-000024. | : : : : : | |

# **ORDER**

Consistent with the Order from the Eleventh Circuit Court of Appeals, Senator Graham has until 9:00 AM on Wednesday, August 24, 2022, to file a Motion as to exactly which questions and/or categories of information he is requesting the Court to address in an Order to partially quash the subpoena. The Fulton County District Attorney's Office will then have until Monday, August 29, 2022, at 9:00 AM to file its Response. Senator Graham's Reply is due on Wednesday, August 31, 2022, at 9:00 AM. The arguments should address whether, and to what extent, certain alleged conduct (including specific lines of inquiry on the telephone calls) is shielded from questioning under the Speech or Debate Clause.

The parties should also address whether informal investigative inquiries by individual members of Congress into issues that arguably fall within that

member's legislative province constitute protected "legislative activity" under the Speech or Debate Clause, or, to the contrary, whether such protection extends only to investigative inquiries that originate from a more formal congressional source, such as an investigation authorized by a Senate subcommittee. Compare, e.g., Bastien v. Off. of Senator Ben Nighthorse Campbell, 390 F.3d 1301, 1316 (10th Cir. 2004) ("No Supreme Court opinion indicates that Speech or Debate Clause immunity extends to informal information gathering by individual members of Congress."), with Gov't of the Virgin Islands v. Lee, 775 F.2d 514, 521 (3d Cir. 1985) ("[F]act-finding occupies a position of sufficient importance in the legislative process to justify the protection afforded by legislative immunity.").[1]

**IT IS SO ORDERED** this 22nd day of August, 2022.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

---

[1] See also Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 505 (1975) (holding that the issuance of a subpoena by a Senate subcommittee constituted protected legislative activity under the Speech or Debate Clause because "[t]he issuance of a subpoena pursuant to an *authorized investigation* is . . . an indispensable ingredient of lawmaking[]" (emphasis added)); id. at 505–06 (noting that "[t]he particular investigation at issue here is related to and in furtherance of a legitimate task of Congress" and that "[t]he Subcommittee was acting under an unambiguous resolution from the Senate authorizing it to make a complete study of the administration, operation, and enforcement of the Internal Security Act of 1950[]" (quotation marks omitted)).