# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12696-DD

_____

FULTON COUNTY SPECIAL PURPOSE GRAND JURY,

                                                    Plaintiff-Appellee,

*versus*

LINDSEY GRAHAM,
in his official capacity as United States Senator,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03027-LMM

_____

Before: WILSON, NEWSOM, and GRANT, Circuit Judges.

BY THE COURT:

The "Emergency Motion by Senator Lindsey O. Graham to Stay District Court's Order and Enjoin Select Grand Jury Proceedings Pending Appeal" is DENIED. Senator Graham has failed to demonstrate that he is likely to succeed on the merits of his appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Speech and Debate Clause ensures that, for "any Speech or Debate in either House," Members of Congress "shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl. 1. The Supreme Court has interpreted the Clause to protect against "inquiry into acts that occur in the regular course of the legislative process and into the motivation for those acts." *United States v. Brewster*, 408 U.S. 501, 525 (1972). The Clause thus protects "the integrity of the legislative process by insuring the independence of individual legislators" and "serves the additional function of reinforcing the separation of powers so deliberately established by the Founders." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502 (1975) (quotations omitted).

But not "everything a Member of Congress may regularly do" is a "legislative act within the protection of the Speech or Debate Clause"—the Clause "has not been extended beyond the legislative sphere," and the fact that "Senators generally perform certain acts in their official capacity as Senators does not necessarily

22-12696-DD             Order of the Court                    3

make all such acts legislative in nature." *Doe v. McMillan*, 412 U.S. 306, 313 (1973); *Gravel v. United States*, 408 U.S. 606, 624–25 (1972). The Supreme Court has warned that it is not "sound or wise" to "extend the privilege beyond its intended scope, its literal language, and its history, to include all things in any way related to the legislative process." *Brewster*, 408 U.S. at 516. One reason is obvious: "Given such a sweeping reading, we have no doubt that there are few activities in which a legislator engages that he would be unable somehow to 'relate' to the legislative process." *Id.* Activities that fall outside the Clause's scope include, for example, "cajoling" executive officials and delivering speeches outside of Congress. *Gravel*, 408 U.S. at 625; *Brewster*, 408 U.S. at 512.

To determine whether an activity is covered by the Clause, the Supreme Court has considered whether it "took place 'in a session of [Congress] by one of its members in relation to the business before it.'" *Eastland*, 421 U.S at 503 (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880)). And more specifically, the Court has asked "whether the activities are 'an integral part of the deliberative and communicative processes'" used by Members to participate in committee or congressional proceedings "'with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.'" *Id.* at 504 (quoting *Gravel*, 408 U.S. at 625).

Applying these principles in *Eastland*, the Supreme Court held that subpoenas issued in the context of formal investigations

4                          Order of the Court                    22-12696-DD

conducted by a congressional committee are protected by the Clause. *See id*. at 504–05. In justifying its holding, the Court emphasized that the Committee acted "on behalf of one of the Houses" to "do the task assigned to it by Congress" in "furtherance of a legitimate task of Congress." *Id.* at 505. In contrast, the Court has never considered whether an informal investigation by an individual legislator acting without committee authorization is ever protected legislative activity under the Speech and Debate Clause, and the lower courts have disagreed. *Compare, e.g.*, *Bastien v. Off. of Senator Ben Nighthorse Campbell*, 390 F.3d 1301, 1316 (10th Cir. 2004), *cert. denied*, 546 U.S. 926 (2005) (holding that such informal investigations are not protected legislative activity), *with Gov't of Virgin Islands v. Lee*, 775 F.2d 514, 521 (3d Cir. 1985) (holding that they are). But even assuming that such informal investigations are covered by the Speech and Debate Clause, courts still must determine whether a legislator's conversation was a protected investigation or an unprotected non-legislative discussion. *See, e.g.*, *United States v. Menendez*, 831 F.3d 155, 166–69 (3d Cir. 2016).

The district court adopted the more protective view, that the Speech and Debate Clause can shield informal legislative investigations. It included within that category any factfinding inquiries in Senator Graham's phone calls to Georgia election officials relating to his decision "to certify the results of the 2020 presidential election." The court quashed the subpoena to the extent that it covered that sort of investigation. But it held that

targeted questions about non-investigatory conduct by Senator Graham could proceed. It reasoned that any non-investigatory conduct covered by the subpoena was not protected by the Clause, and that there was genuine dispute about whether Senator Graham's phone calls with Georgia election officials were investigatory. The court also reasoned that three topics unrelated to the phone calls—communications and coordination with the Trump campaign regarding its post-election efforts in Georgia, public statements regarding the 2020 election, and efforts to "cajole" or "exhort" Georgia election officials—were not legislative activities. And the court noted that Senator Graham may still seek to assert his Speech and Debate Clause privilege if there is a dispute about whether a concrete question implicates his factfinding relating to certification.

Senator Graham has failed to demonstrate that this approach will violate his rights under the Speech and Debate Clause. Even assuming that the Clause protects informal legislative investigations, the district court's approach ensures that Senator Graham will not be questioned about such investigations. As the court determined, there is significant dispute about whether his phone calls with Georgia election officials were legislative investigations at all. The court's partial quashal enabled a process through which that dispute can be resolved. The District Attorney can ask about non-investigatory conduct that falls within the subpoena's scope, but the District Attorney may not ask about any investigatory conduct. Should there be a dispute over whether a

| 6 | Order of the Court | 22-12696-DD |
|---|---|---|

given question about Senator Graham's phone calls asks about investigatory conduct, the Senator may raise those issues at that time. We also agree that the three enumerated categories set out by the district court could not qualify as legislative activities under any understanding of Supreme Court precedent. We thus find it unlikely that questions about them would violate the Speech and Debate Clause.

The temporary stay of the district court's August 15, 2022 order remanding the case to the Superior Court of Fulton County for further proceedings—as modified by the district court's September 1, 2022 order granting in part and denying in part the supplemental motion to quash—is LIFTED.

All pending motions requesting leave to file an amicus brief are GRANTED.